IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-15-503 |
| SWAIN CLARKE, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### **MEMORANDUM**

On September 16, 2015, a Grand Jury sitting in the District of Maryland returned an Indictment against Swain Clarke ("Defendant"), charging him with twenty counts of Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951(a) ("Hobbs Act robbery") and nine counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).  On January 28, 2016, Defendant moved to dismiss all counts under § 924(c), contending that Hobbs Act robbery categorically fails to qualify as a "crime of violence" within the meaning of § 924(c)(3)(A) and that the statute's residual clause, § 924(c)(3)(B), is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  (ECF No. 27.)

The Government filed a response in opposition to Defendant's Motion to Dismiss (ECF No. 35 at 24), and Defendant replied (ECF No. 37 at 15).  No hearing is necessary on this strictly legal question; the briefs on both sides are excellent, and they fully illuminate the relevant issues.  For the reasons explained below, the Court holds that Hobbs Act robbery categorically constitutes a crime of violence.  Accordingly, the Court will DENY Defendant's Motion to

Dismiss on statutory grounds without reaching the separate, and unnecessary, question whether the residual clause is unconstitutionally vague.[1]

### I.   *Statutory and Analytical Framework*

Defendant has been charged under the Hobbs Act, which provides that "[w]hoever in any way . . . affects commerce . . . by robbery or extortion or attempts or conspires so to do . . . shall be fined . . . or imprisoned not more than twenty years, or both." 18 U.S.C. § 1951(a). The statute defines robbery as follows:

> The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

§ 1951(b)(1).

Defendant has also been charged under 18 U.S.C. § 924(c), a sentencing-enhancement statute that imposes five years of mandatory incarceration for "[a]ny person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." § 924(c)(1)(A). The mandatory minimum sentence is increased to seven years where, as alleged here, the firearm is brandished. § 924(c)(1)(A)(ii).

Significantly, the § 924(c) enhancement applies only to the extent that a firearm is used, possessed, or brandished in connection with a "crime of violence." Section 924(c)(3) defines a

---

[1] Long-established principles of judicial restraint counsel against the resolution of unnecessary constitutional questions. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 346-48 (1936) (Brandeis, J., concurring). The Court acknowledges, however, that the constitutionality of § 924(c)(3)(B) (or identical language appearing in the residual clause of 18 U.S.C. § 16(b)) is a matter of controversy both within this District and among the Circuits. *Compare, e.g., United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) (holding that § 16(b) is void for vagueness), *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) (same), *and United States v. Edmundson*, Crim. No. PWG-13-15, 2015 WL 9582736 (D. Md. Dec. 30, 2015) (holding that § 924(c)(3)(B) is void for vagueness), *with United States v. Taylor*, No. 09-5517, 2016 WL 537444 (6th Cir. Feb. 11, 2016) (holding that § 924(c)(3)(B) is not unconstitutionally vague), *and United States v. Hayes*, Crim. No. RDB-14-577 (Dec. 21, 2015) (ECF No. 67) (same). The Fourth Circuit has twice declined to address this question on constitutional avoidance grounds. *See United States v. Naughton*, 621 F. App'x 170, 178 n.4 (4th Cir. 2015), *cert. denied*, No. 15-7924, 2016 WL 395062 (Mar. 7, 2016) (mem.); *United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015), *cert. denied sub nom. Ventura v. United States*, No. 15-7656, 2016 WL 763642 (Feb. 29, 2016) (mem.).

"crime of violence" as a felony that (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "Force Clause"); or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "Residual Clause"). Because § 924(c) defines "crime of violence" in somewhat ambiguous terms, courts must determine whether a proposed predicate offense is properly included within the scope of either the Force Clause or the Residual Clause. In conducting this analysis, courts may—depending on the features of the predicate statute—employ either the so-called "categorical approach" or the "modified categorical approach."[2]

The categorical approach applies where the predicate statute contains a single set of indivisible elements that must be proved beyond a reasonable doubt. "Under the 'categorical approach,' the court 'look[s] only to the . . . statutory definition of the [] offense." *United States v. Fuertes*, 805 F.3d 485 (4th Cir. 2015) (alternations in original) (quoting *James v. United States*, 550 U.S. 192, 202 (2007)), *cert. denied sub nom. Ventura v. United States*, No. 15-7656, 2016 WL 763642 (Feb. 29, 2016) (mem.). Either the offense categorically qualifies as a crime of violence, or it does not: if the "most innocent" conduct proscribed by the predicate statute does not fall within either the Force Clause or the Residual Clause, then the offense categorically is not a crime of violence regardless whether the facts of a *particular* case involve violent conduct.

---

[2] The Court is aware that some district courts have questioned the applicability of the categorical approach (traditionally a sentencing doctrine) at the pretrial stage. In *United States v. McDaniels*, No. 1:15-cr-171, 2015 WL 7455539, at *4 (E.D. Va. Nov. 23, 2015), Judge Ellis held that, while the categorical approach is necessary in the sentencing context to "avoid the difficult, and in some cases impossible, situations where a sentencing court would be required to re-try the factual basis for prior convictions," such practical difficulties "are not present in the pre-trial context of a motion to dismiss an indictment because a court can—and indeed must—allow the jury to decide whether the government has proved the elements of the alleged crime beyond a reasonable doubt." Judge Ellis makes a fair point. That said, the Fourth Circuit signaled in *Fuertes* that district courts should invoke the categorical or modified categorical analyses to determine whether an offense qualifies as a crime of violence under § 924(c). 805 F.3d at 498. Given that precedent, and given that most district courts to recently consider the relationship between the Hobbs Act and § 924(c) have conducted a categorical or modified categorical analysis, the Court will conduct a similar analysis here.

*See United States v. Naughton*, 621 F. App'x 170, 178 (4th Cir. 2015) ("If any one of the available means of violating the statute is non-violent, under the categorical approach the offense is not a crime of violence . . . irrespective of the defendant's actual conduct."), *cert. denied*, No. 15-7924, 2016 WL 395062 (Mar. 7, 2016) (mem.).

The modified categorical approach, by contrast, applies where a "divisible statute, listing potential offense elements in the alterative, renders opaque which element played a part in the defendant's conviction." *Fuertes*, 805 F.3d at 498 (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)). "The modified categorical approach allows the court to examine approved documents, including an indictment, to determine which statutory alternative is implicated by the predicate offense." *United States v. Hancock*, Crim. No. GJH-13-0274, 2016 WL 899239, at *2 (D. Md. Mar. 2, 2016) (quoting *United States v. Evans*, No. 5:15-CR-57-H, 2015 WL 6673182, at *2 (E.D.N.C. Oct. 20, 2015)).

In evaluating the interrelationship between Hobbs Act robbery and § 924(c), courts have differed over whether to invoke the categorical approach, the modified categorical approach, or some hybrid thereof. In a recent opinion, Judge Hazel of this District observed that the "confusion is understandable because the Hobbs Act contains both divisible and indivisible provisions." *Id.* As Judge Hazel explained, the statute proscribes two independent criminal acts—robbery (defined in § 1951(b)(1)) and extortion (defined in § 1951(b)(2)). Thus, Judge Hazel reasoned that courts must "use the modified categorical approach *but* may only do so to determine which of these forms of the Hobbs Act (robbery or extortion) is at issue in [a given] case." *Id.*; *cf. Evans*, 2015 WL 6673182, at *3 (finding that the Hobbs Act itself is a divisible statute but that Hobbs Act robbery is "not further divisible" because every such robbery involves

the "unlawful taking or obtaining of personal property from the person or in the presence of another, against his will," albeit through one of several alternative means).[3]

This Court agrees with and adopts Judge Hazel's well-reasoned analysis, and it thus consults the Indictment only for the limited purpose of ascertaining which Hobbs Act crime (robbery or extortion) Defendant is accused of committing. This is a straightforward task: each of the twenty Hobbs Act counts accuses Defendant of committing robbery, elaborating that he "did unlawfully take and obtain monies in the form of U.S. Currency, from the person and presence of employees of [certain retail establishments] against the employees' will by means of actual and threatened force, violence, and fear of injury." (*See* ECF No. 1 at 1.) As there is no further ambiguity about the predicate offenses with which Defendant has been charged, the Court's modified categorical analysis comes to an end, and it must determine whether the most innocent conduct that constitutes Hobbs Act robbery would also qualify as a crime of violence under § 924(c)—either through the Force Clause or through the Residual Clause.

## II.     *Hobbs Act Robbery Is Categorically a Crime of Violence*

To qualify as a crime of violence under the Force Clause, Hobbs Act robbery must categorically have "as an element the use, attempted use, or threatened use of *physical force* against the person or property of another." § 924(c)(3)(A) (emphasis added). It is this requirement of force on which Defendant pins his hopes: he presents three reasons why he believes that at least *certain* Hobbs Act robberies would not necessarily involve the requisite degree of force. Unfortunately for Defendant, his arguments have been squarely rejected by

---

[3] Judge Hazel considered whether disjunctive language appearing in the statute's definition of robbery evidenced further divisibility. He concluded that it did not, explaining that "these terms are not alternative elements but rather represent different means of proving the same element," *i.e.*, an unlawful taking by force/violence/fear. *Hancock*, 2016 WL 899238, at *3. This Court agrees with Judge Hazel's analysis and concludes that Hobbs Act robbery is not further divisible.

district courts nationwide; this Court joins the rising chorus and declares that Hobbs Act robbery is a crime of violence within the meaning of the Force Clause.[4]

### A. *Intangible Property*

Defendant first argues that "a person may violate the Hobbs Act robbery statute by placing another person in fear of *injury* to his *intangible property*," and that it is therefore possible to commit Hobbs Act robbery without applying physical force to a person or his property. (ECF No. 27 at 12.) As authority, Defendant cites a handful of old cases: *United States v. Arena*, 180 F.3d 380 (2d. Cir. 1999), *abrogated in part by Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393 (2003); *United States v. Local 560, Int'l Bhd. of Teamsters*, 780 F.2d 267 (3d Cir. 1985); and *United States v. Iozzi*, 420 F.2d 512 (4th Cir. 1970).

Defendant's argument is unpersuasive. First, the cases on which Defendant relies are not Hobbs Act *robbery* cases; they are Hobbs Act *extortion* cases. As the Court explained above, the Hobbs Act is a divisible statute in that it proscribes two independent forms of wrongdoing with their own constituent elements—(1) robbery, which involves an unlawful taking by "actual or threatened force, or violence, or fear of injury"; and (2) extortion, which involves the "obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." § 1951(b). Plainly, then, it is possible to *extort* within the meaning of the Hobbs Act without applying any force whatsoever (*e.g.*,

---

[4] For a sampling of recent opinions recognizing that Hobbs Act robbery constitutes a crime of violence, *see United States v. Quashie*, No. 14-CR-376 (BMC), 2016 WL 638052 (E.D.N.Y. Feb. 13, 2016); *United States v. Lenzy*, No. 2:14-CR-00025-RWS-JCF, 2016 WL 1019712 (N.D. Ga. Feb. 4, 2016); *United States v. Anglin*, No. 14-CR-3, 2015 WL 6828070 (E.D. Wis. Nov. 6, 2015); *United States v. Brownlow*, No. 1:15-cr-0034-SLB-SGC, 2015 WL 6452620 (N.D. Ala. Oct. 26, 2015); *United States v. Merinord*, No. 5:15-CR-136, 2015 WL 6457166 (E.D.N.C. Oct. 23, 2015); *United States v. Hunter*, Crim. No. 2:12cr124, 2015 WL 6443084 (E.D. Va. Oct. 22, 2015); *United States v. Standberry*, Crim. No. 3:15CR102-HEH, 2015 WL 5920008 (E.D. Va. Oct. 9, 2015); *United States v. Mackie*, No. 3:14-cr-00183-MOC, 2015 WL 5732554 (W.D.N.C. Sept. 29, 2015).

under color of official right). It does not therefore follow that it is possible to *rob* under the Hobbs Act without force or threat of force.[5]

Furthermore, as Judge Hazel observed, both Hobbs Act robbery and the § 924(c) Force Clause reference force or threat of force as against "property" without further defining or delimiting that term. So if it is possible to commit Hobbs Act robbery by threatening harm to intangible property (a dubious proposition, *see infra*), it is presumably also possible to commit a crime of violence by threatening harm to such property. *See Hancock*, 2016 WL 899239, at *4 ("[T]o the extent that [Defendant] attempts to minimize the level of force one can apply to property and still be found guilty of Hobbs Act robbery, there would be no reason not to apply the same analysis to both statutes.").[6]

Additionally, it strikes the Court that Defendant's theory would distort and distend the Hobbs Act's robbery provision beyond its plain meaning. Without any relevant authority, Defendant boldly proposes that "Hobbs Act robbery can be committed via threats to devalue some intangible economic interest like a stock holding or contract right." (ECF No. 27 at 13.) If such otherwise unadorned threats do not constitute "use, attempted use, or threatened use of physical force against the person or property of another" within the meaning of § 924(c)(3)(A), neither do they constitute "actual or threatened force, or violence, or fear of injury . . . to [a]

---

[5] It is also worth noting that the three extortion cases cited by Defendant actually involved acts and threats of physical violence, further diminishing Defendant's reliance on such authority. *See United States v. Arena*, 180 F.3d 380, 393 (2d. Cir. 1999), *abrogated in part by Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393 (2003) (defendants poured butyric acid on the premises of abortion facilities as part of their strategy to "cause abortion providers . . . to give up their property rights to engage in the business of providing abortion services for fear of future attacks"); *United States v. Local 560, Int'l Bhd. of Teamsters*, 780 F.2d 267, 270 (3d Cir. 1985) (racketeering activity giving rise to civil RICO claim included alleged "acts of extortion and murder"); *United States v. Iozzi*, 420 F.2d 512, 515 (4th Cir. 1970) (government properly presented evidence of threatened violence even though indictment charged defendant with extortion through fear of economic injury).

[6] The Court recognizes, of course, that § 924(c) requires *physical* force, and the Court supposes an argument can be made that it is implausible to apply *physical* force to intangible property. However, a reasonable argument can also be made that, while the subject property may be intangible, any attempt by a person to devalue or damage such intangible property would necessarily involve physical conduct—an *actus reus*. The question borders on the purely academic, however, because no reported opinion has addressed a Hobbs Act prosecution where the robbery was accomplished through naked threats to intangible property interests.

person or property" within the meaning of the Hobbs Act.  Threatening to devalue another's contract rights might well be a tort or even a crime under any number of statutes—but the Court is highly skeptical whether such conduct constitutes Hobbs Act robbery, or, for that matter, robbery within any meaningful construction of the term.  *See United States v. Lilly*, 512 F.2d 1259, 1263 (9th Cir. 1975) ("Robbery at common law is defined in various ways, but most commonly as the felonious taking of money or goods of value from the person of another or in his presence, against his will, by force or by putting him in fear."); *cf. United States v. Walker*, 595 F.3d 441, 444 (2d Cir. 2010) ("[T]he common law crime of robbery and the various federal statutory offenses of robbery have substantially the same essential elements." (alteration in original) (quoting *United States v. W.T.T.*, 800 F.2d 780, 783 (8th Cir. 1986) (Oliver, J., concurring in part and dissenting in part))).

Defendant's first argument in support of his Motion to Dismiss is without merit.[7]

### B.   Fear of Injury

Defendant next contends that, while one can "accomplish Hobbs Act robbery by placing another in fear of injury to his person," a "threat of *injury* . . . squarely does not require the use or threatened use of 'violent force' against another."  (ECF No. 27 at 14.)  *Cf. Johnson v. United States*, 559 U.S. 133, 140 (2010) (defining "physical force" under the Armed Career Criminal Act to mean "*violent* force—that is, force capable of causing physical pain or injury to another

---

[7] Defendant separately draws attention to the Government's recent concession in unrelated cases that Maryland's simple-robbery statute, Md. Code Ann., Crim. Law § 3-402, does not proscribe a "violent felony" within the meaning of the Armed Career Criminal Act ("ACCA").  (ECF No. 27 at 13.)  The Court fails to grasp the relevance of Defendant's assertion.  The Government has taken this position because Maryland courts have construed the simple-robbery statute to extend to threats against property.  *See* Correspondence, *United States v. Baten*, Crim. No. DKC-04-256 (Nov. 16, 2015) (ECF No. 23).  Yet the ACCA defines a "violent felony" as a crime that "has as an element the use, attempted use, or threatened use of physical force *against the person of another*."  18 U.S.C. § 924(e)(2)(B)(i) (emphasis added).  The application of force to property, which is sufficient under the Hobbs Act and, for that matter, under the § 924(c) Force Clause, is insufficient to trigger an ACCA enhancement.  But the fact that Maryland simple robbery cannot serve as the predicate offense for an ACCA enhancement has no bearing whatsoever on the question whether Hobbs Act robbery can serve as the predicate offense for a § 924(c) enhancement.

8

person").[8]  As authority, Defendant cites *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), a case in which the United States Court of Appeals for the Fourth Circuit held that a prior conviction under a certain California statute could not serve as a predicate "crime of violence" for a reentry-after-removal sentencing enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A).[9]

Defendant's argument is again unpersuasive.  Setting aside that *Torres-Miguel* dealt with Guidelines interpretation and an entirely different statutory framework, the underlying California statute in that case proscribes willful threats to "commit a crime which *will result in* death or great bodily injury to another person."  Cal. Penal Code § 422(a) (emphasis added).  The Fourth Circuit opined that "a crime may *result* in death or serious injury without involving *use* of physical force."  *Torres-Miguel*, 701 F.3d at 168.  Hobbs Act robbery may be accomplished by threats of physical injury—but *only* if such threats facilitate the "unlawful taking or obtaining of personal property from the person or in the presence of another, against his will."  18 U.S.C. § 1951(b)(1).  "Fear is the operative element facilitating the taking. . . . The phrase 'fear of injury' must [therefore] be read and construed in context with the other language contained in [the Hobbs Act]."  *United States v. Standberry*, Crim. No. 3:15CR102-HEH, 2015 WL 5920008, at *4 (E.D. Va. Oct. 9, 2015); *see also Hancock*, 2016 WL 899239, at *4 ("The most innocent conduct chargeable as a Hobbs Act robbery requires the act of taking or obtaining property from another person . . . against their will by creating a fear of injury.  By necessity . . . this requires the use or threatened use of force.").

---

[8] The parties apparently agree that *Johnson*'s conception of physical force applies to the § 924(c) analysis, at least to the extent that a purported crime of violence involves force or threatened force directed at persons (as opposed to property).  (*See* ECF Nos. 27 at 5 & 35 at 28.)

[9] The applicable Sentencing Guideline provides that a "crime of violence" is one of various enumerated offenses or "any other offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.1(B)(iii).

The reasoning in *Torres-Miguel* therefore has marginal application to the Court's analysis here. Moreover, that reasoning has been eroded by recent developments in the law. In *United States v. Castleman*, 134 S. Ct. 1405, 1415 (2014), a case involving the question whether a particular state offense constituted a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9), the Supreme Court of the United States suggested that one can accomplish injurious use of force indirectly—*e.g.*, by sprinkling poison in a victim's drink[10] or, for that matter, by pulling the trigger on a gun. For purposes of the § 922(g)(9) analysis, the *Castleman* majority ultimately adopted a low, common-law threshold for "force." However, Justice Scalia, concurring in part and concurring in the judgment, would have applied the standard defined in *Johnson*, 559 U.S. at 140 (*i.e.*, "force capable of causing physical pain or injury to another person"), adding that "it is impossible to cause bodily injury without using force 'capable of' producing that result." 134 S. Ct. at 1416-17. In light of *Castleman*, and particularly in light of Justice Scalia's concurrence, the reasoning of *Torres-Miguel*—while not expressly overruled—is seemingly on thin ice. *Cf. United States v. McDaniels*, No. 1:15-cr-171, 2015 WL 7455539, at *5 (E.D. Va. Nov. 23, 2015) ("[T]he Supreme Court in *Castleman* implicitly rejected the rationale of *Torres-Miguel*."); *accord United States v. Morgan*, Crim. No. 14-20610, 2015 WL 9463975, at *2 n.3 (E.D. Mich. Dec. 18, 2015).

Defendant's second argument in support of his Motion to Dismiss is accordingly without merit.

---

[10] Interestingly, and at odds with the *Castleman* majority's discussion, the *Torres-Miguel* court suggested that "threatening to poison another . . . involves no use or threatened use of force." 701 F.3d 165, 168-69 (4th Cir. 2012).

### C.  Intentional Force

Defendant finally argues that "the act of putting someone in fear of injury, as defined under the Hobbs Act robbery statute, does not constitute a 'crime of violence' . . . because it does not require an *intentional* threat of physical force." (ECF No. 27 at 18.)

Defendant is undoubtedly correct that § 924(c) imposes a *mens rea* requirement of at least knowing (as opposed to negligent or reckless) misconduct.  *See Garcia v. Gonzales*, 455 F.3d 465, 468 (4th Cir. 2006) (finding that identical language in 18 U.S.C. § 16 requires "*intentional* employment of physical force against a person or thing" (emphasis added)).  But Defendant's notion that one can *unintentionally* commit Hobbs Act robbery defies logic. Defendant's reasoning would again require the Court to view the act of causing fear in isolation, but the Hobbs Act requires more—namely, the concurrent act of a wrongful taking.  And while the Court can certainly hypothesize a scenario in which one individual unintentionally causes another individual to fear harm, the Court "cannot imagine a realistic scenario where a defendant could accidentally, negligently or even recklessly, use the fear of injury to take property from another person against their will."  *Hancock*, 2016 WL 899239, at *5; *see also United States v. Merinord*, No. 5:15-CR-136, 2015 WL 6457166, at *4 (E.D.N.C. Oct. 26, 2015) (opining that it is "simply not possible to intentionally take someone's property by fear of injury without intending to create fear of injury").

Defendant's final argument in support of his Motion to Dismiss is plainly without merit.

### III.  Conclusion

The Court concludes that Hobbs Act robbery contains as an element the actual, attempted, or threatened use of physical force against the person or property of another. Therefore, Hobbs Act robbery categorically constitutes a crime of violence under the Force

Clause, § 924(c)(3)(A). Having so concluded, the Court need not—and does not—reach the separate question whether the Residual Clause, § 924(c)(3)(B), is unconstitutionally vague.

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 27) will be DENIED.

DATED this 22nd day of March, 2016.

BY THE COURT:

/s/
James K. Bredar
United States District Judge
